IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY LEROY DAVIS,

                      Petitioner,

      v.                                                  CASE NO. 23-3120-JWL

DANIEL L. SCHNURR,

                      Respondent.

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner and state prisoner Anthony Leroy Davis, who proceeds in forma pauperis. The Court reviewed the petition as required under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and, on June 9, 2023, issued a Notice and Order to Show Cause (NOSC). (Doc. 6.) The NOSC explained that the petition failed to state a viable claim for relief that could be properly pursued under § 2241 and that it sought, in part, monetary relief, which is not available in a federal habeas action. Specifically, Ground One of the petition challenged the validity of Petitioner's 1989 convictions and Ground Three challenges the validity of Petitioner's 1989 sentences, claims that must be brought under 28 U.S.C. § 2254 and for which Petitioner must first obtain authorization from the Tenth Circuit. Ground Two could be liberally construed to raise a challenge to the execution of Petitioner's sentences, which is appropriate under § 2241, but it failed to adequately identify the sentence or sentences at issue and it failed to sufficiently articulate an argument. Ground Four consisted only of conclusory and formulaic statements that were insufficient to state a plausible claim for federal habeas relief. *Id.* at 4-6. Thus, the NOSC granted Petitioner to and including July 10, 2023, in which to show cause why this matter should not be

dismissed for failure to state a claim on which federal habeas relief can be granted. *Id.* at 7. Petitioner has now filed a response to the NOSC. (Doc. 7.) The Court has carefully reviewed the response. The majority of the documents included in the response are notices of electronic filing, docket sheets, and other administrative documents that appear irrelevant to the deficiencies identified in the NOSC. (*See* Doc. 7-1, p. 1, 3, 6-22.) The remainder of Petitioner's submission seeks an order granting summary judgment in Petitioner's favor (Doc. 7, p. 1), again challenges the validity of Petitioner's convictions and sentences, *id.* at 2, and moves for dismissal of "the Defendant's notice and order to show cause," (Doc. 7-1, p. 4). Nothing in the response shows good cause why this Court should not dismiss this matter for the reasons set forth in the NOSC. Accordingly, the Court will dismiss this matter without prejudice for the reasons set forth in the NOSC—failure to state a plausible claim for federal habeas relief as it is available under 28 U.S.C. § 2241. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (requiring dismissal of a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court").

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant." The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice for failure to state a claim for relief under 28 U.S.C. § 2241. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 13th day of June, 2023, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>

JOHN W. LUNGSTRUM
United States District Judge