IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY LEROY DAVIS,**

                **Petitioner,**

     v.                                                 **CASE NO. 23-3120-JWL**

**DANIEL L. SCHNURR,**

                **Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner and state prisoner Anthony Leroy Davis. On June 9, 2023, the Court issued a Notice and Order to Show Cause (NOSC) that explained that the petition failed to state a viable claim for relief that could be properly pursued under § 2241 and that it sought, in part, monetary relief, which is not available in a federal habeas action. (Doc. 6.) Petitioner filed a response to the NOSC (Doc. 7), which the Court carefully reviewed, but which did not show good cause why the Court should not dismiss this matter for the reasons set forth in the NOSC. Accordingly, on June 13, 2023, the Court dismissed this matter without prejudice for failure to state a plausible claim for federal habeas relief as it is available under 28 U.S.C. § 2241. (Doc. 8.)

On June 20, 2023, the Court received from Petitioner a Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody, pursuant to 28 U.S.C. § 2255. (Doc. 10, p. 14.) Because Petitioner is not serving a federal sentence, there was no federal criminal proceeding in which to file this matter. Thus, the Court directed the Clerk's Office to return the motion to Petitioner with an explanation of why it could not be filed.

1

On July 3, 2023, the Court received from Petitioner a packet of documents including another § 2255 motion, this time with the case number of this proceeding written at the top along with the title "'Reply' pro show cause order. [*sic*]" (Doc. 10.) Although Petitioner has written the word "state" next to the portions of the form that refer to "federal custody," Petitioner's handwritten annotations do not alter the nature of a proceeding under § 2255. Moreover, the Court's rulings on Petitioner's various challenges to his state convictions and sentences do not transform his convictions or sentences into federal sentences that may be challenged under § 2255.

Liberally construing the response, as is appropriate because Petitioner appears pro se, it continues to challenge Petitioner's state-court convictions, which occurred more than 30 years ago, and this Court's rulings in prior cases. The Court has repeatedly explained to Petitioner the rules on second and successive petitions for writ of habeas corpus by persons in custody under a judgment by a state court and sees no need to repeat those rules here. The substance of the "response" now before the Court neither responds to the NOSC issued in this matter nor seeks reconsideration of the dismissal of this matter. Accordingly, the Court will take no further action and this case remains closed.

**IT IS THEREFORE ORDERED** that the Court will take no further action on the response (Doc. 10). The case remains closed.

**IT IS SO ORDERED.**

DATED:   This 5th day of July, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge